UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANDREW S. MCKIE,

      Petitioner,

v.                                    CASE NO. 6:13-cv-373-Orl-36DAB

SECRETARY, DEPARTMENT
  OF CORRECTIONS, et al.,

      Respondents.

_____/

## ORDER

      Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 6).  Petitioner filed a reply (Doc. No. 11) to the response.

      Petitioner alleges two claims for relief in his habeas petition:  (1) his constitutional rights were violated when the trial court denied his motion to suppress; and (2) the trial court erred when it failed to find that section 893.13, Florida Statutes was unconstitutional.

I.      *Procedural History*

The State charged Petitioner by information with possession of a firearm by a convicted felon (count one), possession of cocaine (count two), possession of 20 grams or less of cannabis (count three), possession of drug paraphernalia (count four), resisting an officer without violence (count five), and possession of a firearm with serial number altered or removed (count six). Petitioner filed a motion to suppress the evidence obtained in the search of his hotel room, arguing that he had not consented to the search. The trial court held a hearing on the motion and then entered an order denying the motion.

Petitioner subsequently entered into a plea agreement in which, among other matters, he agreed to enter a plea of nolo contendere to counts one, two, and three. The trial court adjudicated Petitioner guilty of the crimes and sentenced him to imprisonment for a total term of 28 months. The State entered a *nolle prosequi* as to the remaining counts. After sentencing, Petitioner filed a motion to withdraw his plea, which the trial court denied.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam*.[1]

---

[1]Petitioner was released from the custody of the Florida Department of Corrections in June 2013.

II.     **Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")**

The instant habeas corpus petition is governed by the AEDPA. Under the AEDPA, if a claim was adjudicated on the merits in state court, habeas corpus relief can only be granted if the state court's adjudication results in one of two outcomes. It must have either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has stated that a "state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Moreover, a "state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Id.* Section 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted) (quotations omitted).

III.    *Analysis*

A.    *Claim One*

Petitioner argues that his constitutional rights were violated when the trial court denied his motion to suppress.  This claim was raised in Petitioner's direct appeal.

The Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976), determined that "when the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial."  *Id.* at 494 (footnotes omitted).  In order to be entitled to federal habeas review of a Fourth Amendment claim, the petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review."  *Id.* at 495 n.37.  Federal courts will not consider the merits of Fourth Amendment cases merely because the state courts erred in their Fourth Amendment analysis.  *See Swicegood v. State of Alabama*, 577 F.2d 1322, 1324 (5th Cir. 1978).

Petitioner was provided the opportunity for a full and fair hearing on his motion to suppress before the trial court, as well as the full and fair litigation of the exclusion and suppression issue on appellate review. Additionally, Petitioner does not allege that he was not provided a full and fair litigation of this claim in either the trial court or

4

appellate court.  As such, he has failed to present a cognizable claim on federal habeas review as to claim one, and it is denied.[2]

**B.      Claim Two**

Petitioner argues that the trial court erred when it failed to find that section 893.13, Florida Statutes was unconstitutional.  This claim was raised in Petitioner's direct appeal.

In *Shelton v. Sec'y, Dep't of Corrs.*, 802 F. Supp. 2d 1289 (M.D. Fla. 2011) ("*Shelton I*"), the district court found, among other matters, that section 893.13, Florida Statutes violated due process and was unconstitutional on its face.  However, the Eleventh Circuit Court of Appeals subsequently entered an opinion reversing *Shelton I* on the basis that there had been no showing that the Florida courts unreasonably applied clearly established federal law by upholding the statute.  *See Shelton v. Sec'y Dep't of*

---

[2]Petitioner also mentioned, with regard to this claim, that there had been a violation of his Sixth Amendment and Fourteenth Amendment rights.  However, on direct appeal he made no reference or argument as to those Amendments.  Therefore, he is procedurally barred from doing so here.  *See Ward v. Hall*, 592 F.3d 1144, 1156 (11th Cir. 2010) (to properly exhaust a claim, a petitioner "must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review.").  Further, Petitioner has offered no facts to show that the failure to grant his motion to suppress amounted to a violation of his rights under the Sixth Amendment or Fourteenth Amendment, and "he cannot evade the bar of *Stone v. Powell* by casting his challenge to the search and seizure as a due process claim rather than a Fourth Amendment claim." *Thompson v. Dir., TDCJ-CID*, No. 6:08CV82, 2009 WL 816107, at *8 (E.D. Tex. March 26, 2009); *see also Herrera v. Kelly*, 667 F. Supp. 963, 970 (E.D.N.Y. 1987) ("The gist of the matter is that Herrera's fourth amendment claim is just that: a fourth amendment claim. Attempts to find other names for that claim will not make it any more cognizable in the context of a federal habeas petition.  Accordingly, the court holds that *Stone v. Powell* bars consideration of the merits of the fourth amendment claim . . . .").

*Corrs.*, 691 F.3d 1348 (11th Cir. 2012) (hereinafter referred to as "*Shelton II*").  Thus, the district court's decision in *Shelton I* affords Petitioner no benefit because that decision was reversed on appeal in *Shelton II*.  Since there is no basis for relief in this case, this claim is denied.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1.    The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Andrew S. McKie is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2.    The Clerk of the Court shall enter judgment accordingly and close this case.

3.    This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Chambers in Orlando, Florida, this 12th day of March, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 3/12
Andrew S. McKie
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.

7